UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEILA MCMATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV853 AGF |
| | ) |
| BETTY CAMPBELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

In her pro se complaint against Betty Campbell, Marc Campbell, Natan Mosley, Unknown Brooks, Robert Taylor, and Unknown Ballard, plaintiff, Sheila McMath, asserts generally a violation of her "human/civil rights."

Plaintiff has not alleged any jurisdictional grounds for filing the instant action in Federal Court, other than stating that she is bringing the case under the "14th Amendment." However, none of the aforementioned defendants appear to be state actors. Rather, all of the defendants appear to be members of the Jehovah's Witness Church. Plaintiff states that she stayed in the Campbell's home for a period of time after being evicted from her home, and that she attended church with the Campbells. Plaintiff claims that she also stayed in the home of defendant Mosley and discussed the scripture with defendant Mosley. Plaintiff claims that she attended "Tuesday Meetings" with Mr. Brooks where they discussed the scripture, and that she attended private meetings with "Elder Taylor" and a congregation meeting with defendant Ballard." At all of these meetings, plaintiff claims she discussed: (1) false teachings that were not up to Jehovah's Witness standards; (2) harassments and terrorism; (3) wrong conduct within the church, including homosexuality, gambling, political election/voting, and polygamy; (4) the celebration of holidays; (5) unfair human rights/discrimination/lack of employment; (6) electronics use/shocks/medical issues originating from use of electronics; and (7) government spying through satellites and telecommunications.

As plaintiff has mentioned the 14th Amendment in her complaint, the Court presumes that plaintiff is bringing the case pursuant to 42 U.S.C. § 1983, but in her statement of claims, plaintiff asserts that she would like the Court to investigate who is organized/allowed to operate the "Christian Jehovah's Witnesses." As noted above, none of the purported defendants in this action are state actors.

In her request for relief, plaintiff additionally seeks the Court to inquire: "(1) Why does Jehovah's Witnesses have bad conduct, they do not approve? (2) Who changed Jehovah's Witnesses title/name? (3) [Why] do Jehovah's Witnesses need protection/restrained order everywhere…? and (4) [Why] do Jehovah's Witnesses need clean ent. [sic] those operating without approval?" Plaintiff also seeks 80 million dollars in monetary relief.

**Discussion**

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). As noted above, none of the defendants in this action are state actors, thus, plaintiff cannot bring her claims against defendants under 42 U.S.C. § 1983, or the 14th Amendment.

Plaintiff has failed to state adequate grounds for filing the instant action in Federal Court. Although plaintiff broadly states that this case deals with "human/civil rights," and "religious freedom," there is no indication that plaintiff's claims in this lawsuit actually arise under the Constitution, laws or treaties of the United States.[1] Thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Plaintiff's claims, even construed liberally, do not provide this Court with jurisdiction under 28 U.S.C. § 1332. Although plaintiff has alleged generally that the amount in controversy is over $80 million, she has not alleged that the parties have diversity of citizenship from one another. As such, the case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

---

[1] Plaintiff has not alleged a violation of a federal statute.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to Fed.R.Civ.P. 12(h)(3).

A separate Order of Dismissal will be filed forthwith.

Dated this 9th day of June, 2015.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE